RUSS AUGUST & KABAT
MARC A. FENSTER, State Bar No. 181067
E-mail: mfenster@raklaw.com
IRENE Y. LEE, State Bar No. 213625
E-mail: ilee@raklaw.com
PAUL A. KROEGER, State Bar No. 229074
E-mail: pkroeger@raklaw.com
Twelfth Floor
12424 Wilshire Boulevard
Los Angeles, California 90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

Attorneys for Plaintiff Blue Forest LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLUE FOREST LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation, UNITED EXCHANGE CORP., a California Corporation, and DOES 1-5, inclusive,<br><br>Defendants. | Case No. 2:14-cv-8389<br><br>**BLUE FOREST LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

RUSS, AUGUST & KABAT

Plaintiff Blue Forest LLC ("Blue Forest") alleges against Defendant CVS Pharmacy, Inc. ("CVS") as follows:

1. This is an action for willful infringement of design patents in violation of the Patent Laws of the United States, as set forth in 35 U.S.C. §§ 271 and 280 through 285.

2. Ari Syrquin Jamson ("Ari") is the principal of plaintiff Blue Forest. For the past 16 years, Ari has engaged in designing, developing and marketing various toothbrushes bearing unique designs. Among other things, Ari has developed custom made designs and concepts for toothbrushes and oral care products for companies such as Johnson & Johnson, Avon Cosmetics, Colgate Palmolive, and Walmart. Among his creations and innovations were specialized designs for the elderly, pet toothbrushes, travel brushes and kits, brushes for private brand products and other toothbrush novelty products. Two of his toothbrush designs are protected under United States Patent No. D579,207 (the "'207 Patent") and United States Patent No. D579,666 (the "'666 Patent").

3. Blue Forest is the current assignee of the '207 Patent, which issued on October 28, 2008. A true and correct copy of the '207 Patent is attached hereto as **Exhibit A**.

4. Blue Forest is also the current assignee of the '666 Patent, which issued on November 4, 2008. A true and correct copy of the '666 Patent is attached hereto as **Exhibit B**.

5. Both the '207 and '666 Patents describe and claim a unique design of sports-themed toothbrushes. Among other things, the '207 Patent describes and claims a toothbrush with a model of a basketball in the handle of the toothbrush and '666 Patent describes and claims a toothbrush with a model of a soccer ball in the same location.

6. In summer of 2011, Ari and his colleague made a presentation to CVS concerning the toothbrushes claimed by the '207 Patent and '666 Patent at ERCM

Baby & Oral Care Trade Show in Orlando, Florida with the intent of selling the covered toothbrushes in CVS' nation-wide chain pharmaceutical stores. Despite strong interest by CVS in the toothbrushes, no agreement was reached.

7. During the presentation, Ari and his colleague advised CVS of the fact that the designs of the toothbrushes were patented.

8. On or about February 2014, Blue Forest discovered that CVS was selling toothbrushes embodying the '207 and '666 patented designs.

**PARTIES**

9. Blue Forest is a limited liability company organized under the laws of the State of California, with its principal place of business at 5670 Wilshire Boulevard, Los Angeles, California 90036.

10. CVS is a corporation organized under the laws of the State of Rhode Island, with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

11. United Exchange Corp. ("UEC") is a corporation organized and existing under laws of the State of California, with its principal place of business at 17211 Valley View Avenue, Cerritos, CA 90703.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a) as it involves substantial claims arising under the Patent Laws of the United States.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), 1391(c), and 1400(b) because CVS has and is marketing, selling, and offering to sell toothbrushes embodying the designs described and claimed in the '207 and '666 Patents and is conducting other business in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### A. BLUE FOREST'S PRESENTATION AND DISCLOSURE OF THE PATENTED TOOTHBRUSHES TO CVS.

14. In or about March 2007, Ari was inspired to create a toothbrush that would make brushing more fun and exciting for kids and young adults. His idea was to create a "touch and feel brush" with a sports motif that would give the user a true sports fan's connection to his or her favorite sport. He designed the respective handles accordingly: the laces and football shape on the football brush;[1] the basketball with the grains and seams of the ball for the basketball brush; and the dual colored hexagonal design on the soccer brush. This is how he would convey his passion and vision.

15. Starting in 2010, through his affiliates, Ari made and sold products embodying the patented designs of the '207 and '666 Patents. These products were marked with one or more of the numbers of the patents-in-suit. Furthermore, reasonable efforts were undertaken to assure compliance with the marking requirements of Section 287 of Title 35 of the United States Code.

16. In July 2011, Ari and his colleague made a presentation to one or more representatives of CVS at the ERCM Baby & Oral Care exhibition at Orlando, Florida. As part of this demonstration, the CVS representative was provided with samples of the toothbrushes and informed that their designs were patent protected.

17. Although CVS showed initial interest in the products, no agreement to distribute the products was ultimately reached.

[1] Ari's toothbrush bearing the football design is protected under U.S. Patent No. D579667, which is not asserted in this Complaint.

**B. DEFENDANTS' UNLAWFUL CONDUCT.**

18. Instead of licensing Blue Forest's patents, CVS simply copied the designs and started selling knock-off toothbrushes, thereby intentionally and willfully infringing Blue Forest's '207 and '666 Patents.

19. Plaintiff is informed and believes, and based thereon alleges, that UEC, among other things, acted as CVS's sole supplier with respect to the infringing toothbrushes, and sold them to CVS.

20. Defendants CVS and UEC (collectively "Defendants") have infringed and are currently infringing the '207 and '666 Patents in violation of 35 U.S.C. § 271 by making, having made, using, selling and/or offering for sale, within the United States, products embodying the designs claimed in the '207 and '666 Patents, including, without limitation, toothbrushes that contain a model of basketball or soccer ball in the handle in the same manner as they are described and claimed in the '207 and '666 Patents.

21. Defendants' products infringing upon the '207 Patent include, by way of example and without limitation, the Basketball Toothbrush contained in the Sports Series Toothbrush For Kids, item No. 933832 ("'207 Infringing Products").

| '207 Patent | Sports Series Toothbrush For Kids<br>Basketball Toothbrush<br>Item No. 933832 |
|---|---|
| Front View<br><br>Figure 1 | |
| Bottom Plan View<br><br>Figure 2 | |

RUSS, AUGUST & KABAT

| '207 Patent | Sports Series Toothbrush For Kids Basketball Toothbrush Item No. 933832 |
| --- | --- |
| Top Plan View<br><br>Figure 3 | |

| '207 Patent | Sports Series Toothbrush For Kids<br>Basketball Toothbrush<br>Item No. 933832 |
| --- | --- |
| Rear Elevation View<br><br>Figure 4 |  |

RUSS, AUGUST & KABAT

| '207 Patent | Sports Series Toothbrush For Kids<br>Basketball Toothbrush<br>Item No. 933832 |
|---|---|
| Right Side Elevation View<br><br>Figure 5 |  |

| '207 Patent | Sports Series Toothbrush For Kids<br>Basketball Toothbrush<br>Item No. 933832 |
|---|---|
| Front Perspective View<br><br>Figure 6 |  |

22. Defendants' products infringing upon the '666 patent include, by way of example and without limitation, the Soccer Ball Toothbrush contained in the Sports Series Toothbrush For Kids, item No. 933832 ("'666 Infringing Products").

| '666 Patent | Sports Series Toothbrush For Kids<br>Soccer Ball Toothbrush<br>Item No. 933832 |
|---|---|



RUSS, AUGUST & KABAT

| ’666 Patent | Sports Series Toothbrush For Kids<br>Soccer Ball Toothbrush<br>Item No. 933832 |
|---|---|
| Front View<br><br>Figure 1 |  |

RUSS, AUGUST & KABAT

| '666 Patent | Sports Series Toothbrush For Kids<br>Soccer Ball Toothbrush<br>Item No. 933832 |
|---|---|
| Bottom Plan View<br><br>Figure 2 | |
| Top Plan View<br><br>Figure 3 | |



RUSS, AUGUST & KABAT

| ’666 Patent | Sports Series Toothbrush For Kids<br>Soccer Ball Toothbrush<br>Item No. 933832 |
|---|---|
| Rear Elevation View<br><br>Figure 4 |  |

RUSS, AUGUST & KABAT

| '666 Patent | Sports Series Toothbrush For Kids<br>Soccer Ball Toothbrush<br>Item No. 933832 |
|---|---|
| Right Side Elevation View<br><br>Figure 5 |  |



| '666 Patent | Sports Series Toothbrush For Kids<br>Soccer Ball Toothbrush<br>Item No. 933832 |
|---|---|
| Front Perspective View<br><br>Figure 6 | |

**COUNT I**
**INFRINGEMENT OF '207 PATENT**
**UNDER 35 U.S.C. §271**

23. Blue Forest repeats paragraphs 1-22, above, and incorporates the allegations thereof as if herein set forth in their entirety.

24. Defendants have infringed and are currently infringing the '207 Patent in violation of 35 U.S.C. § 271 by making, having made, using, selling and/or offering for sale, within the United States, products embodying the inventions claimed in the '207 Patent. Defendants' infringing products include, by way of example and without limitation, the Basketball Toothbrush contained in the Sports Series Toothbrush for Kids, item No. 933832.

RUSS, AUGUST & KABAT

25. Defendants had actual knowledge of the ’207 Patent and Blue Forest’s patented products.

26. Defendants’ infringement of the ’207 Patent has been and continues to be willful and deliberate.

27. Blue Forest has been injured and damaged, and will continue to be injured and damaged, by Defendants’ infringement of the ’207 Patent. Defendants’ infringement has caused, and will continue to cause, irreparable harm to Blue Forest unless and until enjoined by this Court.

**COUNT II**
**INFRINGEMENT OF ’666 PATENT**
**UNDER 35 U.S.C. §271**

28. Blue Forest repeats paragraphs 1-22, above, and incorporates the allegations thereof as if herein set forth in their entirety

29. Defendants have infringed and are currently infringing the ’666 Patent in violation of 35 U.S.C. § 271 by making, having made, using, selling and/or offering for sale, within the United States, products and processes embodying the inventions claimed in the ’666 Patent. Defendants’ infringing products include, by way of example and without limitation, the Soccer Ball Toothbrush contained in the Sports Series Toothbrush For Kids, item No. 933832.

30. Defendants’ had actual knowledge of the ’666 Patent and Blue Forest’s patented products.

31. Defendants’ infringement of the ’666 Patent has been and continues to be willful and deliberate.

32. Blue Forest has been injured and damaged, and will continue to be injured and damaged, by Defendants’ infringement of the ’666 patent. Defendants’ infringement has caused, and will continue to cause, irreparable harm to Blue Forest unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Blue Forest prays for judgment against Defendants, as follows:

1. That Defendants have willfully infringed the '207 and '666 Patents;

2. That an accounting be had for the damages caused to Blue Forest by Defendants' infringing activities, and that such damages, including damages for lost profits and/or a reasonable royalty in an amount not known at this time, which amount should be trebled under 35 U.S.C. § 284, with interest, be awarded Blue Forest;

3. That Blue Forest be granted preliminary and permanent injunctive relief restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '207 and '666 Patents, including without limitation restraining and enjoining the making, advertising, marketing, using, importing, selling, and/or offering to sell '207 and '666 Infringing Products;

4. That the Court enter an order declaring that such damages and other monetary relief not be dischargeable through bankruptcy or otherwise;

5. That this be adjudged an exceptional case and that Blue Forest be awarded its attorneys' fees and costs in this action pursuant to 35 U.S.C. § 285; and

6. That Blue Forest be awarded such further relief as the Court may deem equitable and just.

DATED: February 19, 2015

Respectfully submitted,

RUSS, AUGUST & KABAT

By: */s/ Marc A. Fenster*
Marc A. Fenster
Irene Y. Lee
Paul A. Kroeger
Attorneys for Plaintiff Blue Forest, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Blue Forest LLC hereby demands trial by jury on all issues.

DATED: February 19, 2015

Respectfully submitted,

RUSS, AUGUST & KABAT

By: */s/ Marc A. Fenster*
Marc A. Fenster
Irene Y. Lee
Paul A. Kroeger
Attorneys for Plaintiff Blue Forest LLC