LEE TRAN & LIANG LLP
Lauren Sliger (Bar No. 213880)
lauren.sliger@ltlattorneys.com
Roozbeh Gorgin (Bar No. 276066)
roozbeh.gorgin_@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, California 90017
Tel.: 213-612-8900
Facsimile: 213-612-3773

Attorneys for Defendant
UNITED EXCHANGE CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE FOREST LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CVS Pharmacy, Inc., a Rhode Island corporation, United Exchange Corp., a California Corporation, and DOES 1-5, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-08389-DDP-AGR<br><br>**DEFENDANT UNITED EXCHANGE CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Dean D. Pregerson<br>First Amended Complaint Filed: February 19, 2015. |

Defendant and Counter-Claimant United Exchange corp. (hereinafter "UEC") respectfully submits its Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint ("FAC") filed by Plaintiff Blue Forest LLC (hereinafter "Blue Forest") as follows:

1. Answering Paragraph 1 of the FAC, UEC admits that Blue Forest purports to bring an action for willful infringement of design patents in violation of the Patent Laws of the United States, but denies that such action has merit.

2. Answering Paragraph 2 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

3. Answering Paragraph 3 of the FAC, UEC admits that Exhibit A to the FAC is a copy of U.S. Patent No. D579,207 (the "'207 patent") and that the face of the '207 patent states that it issued on October 28, 2008. UEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and on that basis, denies them.

4. Answering Paragraph 4 of the FAC, UEC admits that Exhibit B to the FAC is a copy of U.S. Patent No. D579,666 (the "'666 patent") and that the face of the '666 patent states that it issued on November 4, 2008. UEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and on that basis, denies them.

5. Answering Paragraph 5 of the FAC, UEC admits that the '207 patent is a design patent entitled "Toothbrush," which purports to claim a design for a toothbrush with a basketball in the handle, and that the '666 patent is a design patent entitled "Toothbrush," which purports to claim a design for a toothbrush with a soccer ball in the handle. UEC denies the allegation that the '207 and '666 patents describe and claim "unique design of sports-themed toothbrushes" and all remaining allegations of Paragraph 5.

6. Answering Paragraph 6 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

7. Answering Paragraph 7 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

8. Answering Paragraph 8 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

## PARTIES

9. Answering Paragraph 9 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

10. Answering Paragraph 10 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

11. Answering Paragraph 11 of the FAC, UEC admits that it is a corporation organized and existing under the laws of the State of California, with its principal place of business at 17211 Valley View Avenue, Cerritos, CA 90703.

## JURISDICTION AND VENUE

12. Answering Paragraph 12 of the FAC, UEC admits that this court has jurisdiction over the subject matter of this action under the United States Patent laws.

13. Paragraph 13 of the FAC is directed to venue, which UEC does not contest. UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations that "CVS is marketing, selling, and offering to sell toothbrushes embodying the design described and claimed in the '207 and '666 [p]atents and is conducting other business in this judicial district" therein, and on that basis, denies them.

## ANSWERING GENERAL ALLEGATIONS

14. Answering Paragraph 14 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

15. Answering Paragraph 15 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

16. Answering Paragraph 16 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

17. Answering Paragraph 17 of the FAC, UEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

18. Answering Paragraph 18 of the FAC, UEC denies the allegations contained therein.

19. Answering Paragraph 19 of the FAC, UEC admits it sold the accused sports-themed toothbrushes to CVS Pharmacy Inc. ("CVS"). UEC is without knowledge or information regarding whether it is CVS's "sole supplier" of the accused toothbrushes and on that basis, denies the allegation. UEC denies the allegations that it sold "infringing toothbrushes" to CVS and all remaining allegations of Paragraph 19.

20. Answering Paragraph 20 of the FAC, UEC denies the allegations contained therein.

21. Answering Paragraph 21 of the FAC, UEC denies the allegations contained therein.

22. Answering Paragraph 22 of the FAC, UEC denies the allegations contained therein.

## ANSWERING FIRST CLAIM FOR RELIEF

**(Infringement of the '207 patent)**

23. Answering Paragraph 23 of the FAC, UEC answers that this Paragraph does not contain any allegations to which a response is required. To the extent a response is deemed required, UEC incorporates by reference its answers to Paragraphs 1-22 above.

24. Answering Paragraph 24 of the FAC, UEC denies the allegations contained therein.

25. Answering Paragraph 25 of the FAC, UEC denies the allegations contained therein.

26. Answering Paragraph 26 of the FAC, UEC denies the allegations contained therein.

27. Answering Paragraph 27 of the FAC, UEC denies the allegations contained therein.

## ANSWERING SECOND CLAIM FOR RELIEF

**(Infringement of the '666 patent)**

28. Answering Paragraph 28 of the FAC, UEC answers that this Paragraph does not contain any allegations to which a response is required. To the extent a response is deemed required, UEC incorporates by reference its answers to Paragraphs 1-22 above.

29. Answering Paragraph 29 of the FAC, UEC denies the allegations contained therein.

30. Answering Paragraph 30 of the FAC, UEC denies the allegations contained therein.

31. Answering Paragraph 31 of the FAC, UEC denies the allegations contained therein.

4

DEFENDANT UEC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

32. Answering Paragraph 32 of the FAC, UEC denies the allegations contained therein.

## PRAYER FOR RELIEF

33. UEC denies that Blue Forest is entitled to any of the relief requested in its Prayer for Relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

34. UEC asserts the following affirmative defenses. These affirmative defenses are not intended to alter the parties' respective burdens of proof on any issue, and UEC reserves the right to modify these defenses and raise additional defenses as warranted in this matter, including unenforceability of the '207 and '666 patents for inequitable conduct, should the facts so prove.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

35. UEC has not infringed and does not infringe directly, jointly, contributorily, literally, by the doctrine of equivalents or by inducement, any valid and enforceable claim of the asserted patents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

36. Each of the claims of the '207 and '666 patents is invalid for failure to comply with one or more of the conditions and requirements of patentability as set forth in the United States Patent Laws (pre-AIA), Title 35 U.S.C §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mark)

37. On information and belief, Blue Forest's claims are barred in whole or in part by its failure and the failure of licensees to the asserted patents to provide adequate notice under 35 U.S.C § 287.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

38. Blue Forest's claim for recovery is limited by the statute of limitations set forth in 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

39. Blue Forest is not entitled to injunctive relief because any alleged injury to Blue Forest is not immediate or irreparable, and Blue Forest has an adequate remedy at law for any alleged injury.

## SIXTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

40. On information and belief, Blue Forest has misused the patent in suit by commencement and maintenance of this action in bad faith, when it should have known that it had no valid claim of infringement against UEC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

41. Blue Forest's request for relief is barred in whole or in part by its own unclean hands, including by bringing a claim for infringement without a good-faith basis.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel / Disclaimer)

42. By reasons of proceedings in the U.S. Patent and Trademark Office ("USPTO"), including the prosecution of the applications that resulted in the '207 and '666 patents, Blue Forest is estopped from construing the claims of the '207 and '666 patents to cover and include any subject matter beyond the scope of the limitations imposed by or disclaimed before the USPTO.

### NINTH AFFIRMATIVE DEFENSE

### (Laches / Waver / Acquiescence and Estoppel)

43. Blue Forest is estopped from asserting the '207 and '666 patents against UEC to the extent it unreasonably delayed in filing suit and by equitable doctrines including laches, waiver, acquiescence, and estoppel.

### TENTH AFFIRMATIVE DEFENSE

### (Functionality)

44. The claimed elements of the '207 and '666 patents are primarily functional, and not ornamental, as required by 35 U.S.C. § 171.

### COUNTERCLAIMS

Defendant and Counter-Plaintiff UEC hereby counterclaims against Plaintiff and Counter-Defendant Blue Forest as follows:

### JURISDICTION AND VENUE

1. These Counterclaims arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-02 and the Patent Laws of the United States, Title 35 of the United States Code. An actual, substantial, and continuing justiciable controversy exists between UEC and Blue Forest with respect to which UEC requires a declaration of rights by this Court.

2. This Court has jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338 and 2201-02.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

### THE PARTIES

4. UEC is a corporation organized under the laws of the State of California with its principal place of business at 17211 Valley View Avenue, Cerritos, CA 90703.

5. On information and belief, Blue Forest is a limited liability company organized under the laws of the State of California, with its principal place of business at 5670 Wilshire Boulevard, Los Angeles, California 90036.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement)**

6. UEC incorporates by reference by reference Paragraphs 1-5 of these Counterclaims as if set forth herein in full.

7. Blue Forest has contented, and now contends, that it owns U.S. Patent No. D579,207 (the "'207 patent"). Blue Forest has asserted the '207 patent against UEC and asserts that UEC infringes that patent.

8. Blue Forest has contended and now contends, that it owns U.S. Patent No. D579,666 (the "'666 patent"). Blue Forest has asserted the '666 patent against UEC and asserts that UEC infringes that patent.

9. UEC has contended and now contends that it has not infringed and is not presently directly or indirectly infringing any claim of the '207 and '666 patents.

10. UEC seeks a judicial determination and declaration of the respective rights and duties of the parties based on UEC's contentions. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '207 and '666 patents.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '207 patent)**

11. UEC incorporates by reference Paragraphs 1-10 of these Counterclaims as if set forth herein in full.

12. UEC contends that the '207 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United

States Patent Laws, Title 35 U.S.C. §§ 102, 103, and/or 112, and the rules and regulation and laws pertaining thereto.

13. UEC seeks a judicial determination and declaration of the respective rights and duties of the parties based on UEC's contentions. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '207 patent.

### THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '666 patent)**

14. UEC incorporates by reference Paragraphs 1-10 of these Counterclaims as if set forth herein in full.

15. UEC contends that the '666 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 102, 103, and/or 112, and the rules and regulation and laws pertaining thereto.

16. UEC seeks a judicial determination and declaration of the respective rights and duties of the parties based on UEC's contentions. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '666 patent.

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, UEC prays for judgment against Blue Forest as follows:

    A.    That Blue Forest take nothing by its FAC and that its FAC be dismissed with prejudice;

    B.    A judgment that UEC has not and does not infringe (either literally or under the doctrine of equivalents) any claim of the '207 or '666 patents;

    C.    A judgment that the claims of the '207 or '666 patents are invalid and/or unenforceable, therefore, without any force or effect against UEC;

    D.    That UEC be awarded its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285; and

    E.    The Court grant to UEC any other relief as the Court may deem just and proper.

Dated: April 21, 2015                      LEE TRAN & LIANG LLP

By: */s/ Roozbeh Gorgin*
     LAUREN SLIGER
     ROOZBEH GORGIN
     *Attorneys for United Exchange Corp.*

DEFENDANT UEC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

UEC demands a trial by jury as to all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: April 21, 2015                    LEE TRAN & LIANG LLP

By: */s/ Roozbeh Gorgin*
    LAUREN SLIGER
    ROOZBEH GORGIN
    *Attorneys for United Exchange Corp.*

11
DEFENDANT UEC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT